David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

_____

Shu-Hsing Lin,

           Plaintiff,

  - against -

UT Freight Service (USA) Ltd.; UT Freight Service Ltd.; John Hwang; & J.J. Chi-Hui Hwang,

           Defendants.

_____

No.

**Complaint**

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.    Introduction**

1.    This is an action for unlawful employment discrimination under the New York City Human Rights Law; the New York State Human Rights Law; and the Age Discrimination in Employment Act.

**II.    Parties**

2.    Plaintiff ("Plaintiff" or "Ms. Lin") is a natural person.

3.    Defendant UT Freight Service (USA) Ltd. ("UT-USA") is a New York business corporation with a principle place of business in the State of New York, County of Queens.

4.    Defendant UT Freight Service Ltd. ("UT Taiwan") is a foreign corporation which is based in Taipei, Taiwan.

5.  UT-USA is the wholly owned subsidiary of UT Taiwan and effectively acts as the New York branch of UT Taiwan.

6.  Indeed, as set forth in more detail below, although Plaintiff was nominally an employee of UT-USA, the decision to discharge her due to her age was made at UT Taiwan and enforced by Defendant J.J. Chi-Hui Hwang who is nominally the Executive Vice General Manager of UT Taiwan.

7.  Thus, both in general and in terms of the specifics of this matter, UT-USA and UT Taiwan (collectively the "Employer") acted in concert and as one entity at all times relevant to this matter.

8.  Defendants John Hwang and J.J. Chi-Hui Hwang are natural persons and officers of the Employer in this matter.

**III.   Venue and Jurisdiction**

9.  The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Age Discrimination and Employment Act -- and the remaining claims are part of the same case or controversy.

10. The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of and discrimination against the Plaintiff out of their facility in Queens New York.

11. Venue is appropriate in Defendant UT-USA resides in the State of New York, County of Queens.

**IV.    Background**

12. At all times relevant to this complaint, upon information and belief, the Employer operated an international freight forwarding service.  The Employer maintains four offices on Taiwan; eight offices in Mainland China; and two offices in the United States -- one in Los Angeles and one in Queens.

2

13.     Plaintiff was employed by the Employer as a bookkeeper / accounting supervisor in the Employer's Queens office starting in 1976 and until her employment ended in or about 2015.

14.     In 2015, the year her job ended, Plaintiff turned 65.  As was normal during that time, the Employer's head office in Taiwan conducted an annual review of the employees, including those who worked in Queens.

15      The review, which was overseen by Defendant John Hwang, determined that two employees -- including Ms. Lin -- were too old to continue working for the Employer and should be urged to retire.

16.     Thus, all of the employees in the Queens office received salary increases except for the two employees who were over 60 which included Ms. Lin.

17.     In connection with this review, the Employer created a Chinese-titled document which can be translated to "Salary Adjustment Worksheet."  (the "Worksheet")

18.     The Worksheet, which is incorporated herein by reference, was executed by Defendant John Hwang on or about July 27, 2015 at the Employer's head office in Taiwan.

19.     The Worksheet provided for salary increases for all employees except for the two employees (including Ms. Lin) who were over 60.  With respect to the older employees, the Worksheet simply states "suggest to retire."

20.     At or around the time the review was done and the Worksheet created, Defendant J.J. Chi-Hui Hwang ("J.J. Hwang") was tasked with putting the decision into effect.

21.     Mr. J.J. Hwang (who is the son of Defendant John Hwang) met with Ms. Lin in Queens and urged her to retire.

22. When Ms. Lin failed to do so, Mr. J.J. Hwang then embarked on a campaign of harassment against Ms. Lin. Mr. J.J. Hwang started criticizing and questioning Ms. Lin in front of other employees on a near-daily basis.

23. Mr. J.J. Hwang's sole purpose in engaging in these activities was to embarrass and humiliate Ms. Lin; to cause her mental distress; and to convince her to resign her employment.

24. Mr. J.J. Hwang succeeded in causing substantial mental distress to Ms. Lin who subsequently resigned her employment approximately 3 or 4 months later.

**V.    Compliance with Prerequisites to Suit**

25. On or about January 8 2016, Ms. Lin filed charge number M-E-A-16-1033318 with the New York City Commission on Human Rights (the "Human Rights Charge").

26. The Human Rights Charge was dual filed with the Equal Employment Opportunity Commission as charge number 16F-2016-0123C (the "EEOC Charge")

27. On November 21, 2018, the New York City Commission on Human Rights administratively closed the Human Rights Charge and thus the statute of limitations has been tolled for some 2 years and 10 months.

28. On or about December 7, 2018, the EEOC issued a Notice of Right to Sue in respect of the EEOC Charge.

29. The Human Rights Charge and EEOC Charge specifically named Defendants J.J. Hwang; John Hwang; and UT-USA.

30. Although these charges did not explicitly name UT Taiwan, the two individual Defendants are the two highest level officers with UT Taiwan and in any event, UT-USA functions essentially as a department of UT Taiwan.

31. Moreover, UT Taiwan was not prejudiced in any way by its omission from the EEOC charge; was fully aware of Ms. Lin's allegations at all times; and was adequately represented by the attorneys who represented the other 3 Defendants.

32. Accordingly, Ms. Lin has complied with the prerequisites to suit with respect to all of the Defendants.

**VI.    Causes of Action and Demand for Relief**

Count One: Violation of City and State Human Rights Law

33. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

34. At all times relevant to this matter, the Employer employed 4 or more persons. Alternatively, at all times relevant to this matter, Defendant UT-USA employed 4 or more persons.

35. The Employer violated the New York City and New York State Human Rights laws by discriminating and harassing Ms. Lin on the basis of her age as set forth above.

36. Defendants John Hwang and J.J. Hwang are liable for the foregoing conduct as aiders and abettors as set forth above.

Count Two:  Violation of the Age Discrimination in Employment Act

37. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

38. At all times relevant to this matter, the Employer employed 20 or more persons. Moreover, the Employer's industry affects commerce in that it is an international freight forwarding company.  Accordingly the Employer is covered by the Age Discrimination in Employment Act.

39. The individual Defendants in this matter are covered by the Age Discrimination in Employment Act in that the acts complained of herein were perpetrated by the Individual Defendants as agents of the Employer.

40. The Employer violated the Age Discrimination in Employment Act laws by discriminating and harassing Ms. Lin on the basis of her age as set forth above.

WHEREFORE  Plaintiff demand judgment against the Defendants in the amount of her lost wages, compensatory damages, and punitive damages, in an amount not more than $1,000,000  which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                            Respectfully submitted,

                                            David Abrams
                                             Attorney for Plaintiff
                                            305 Broadway Suite 601
                                            New York, NY 10007
                                            Tel. 212-897-5821
                                            Fax     212-897-5811

Dated: December 11, 2018
New York, New York

### VII. Demand for Jury Trial

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax     212-897-5811

Dated: December 11, 2018
New York, New York