**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**SHU-HSING LIN,**

       **Plaintiff,**          **MEMORDAUM**
                        **AND ORDER**

       **-against-**          **18-CV-7042 (DLI)**

**UT FREIGHT SERVICE (USA) LTD., et al.,**

       **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   In letters addressed to Judge Irizarry and this magistrate judge, plaintiff Shu-Hsing Lin requests that the Court either strike the declaration of defendant UT Freight's in-house counsel, Andrew Chen, which defendants submitted in connection with their pending motion for summary judgment; or permit plaintiff to take Mr. Chen's deposition before plaintiff responds to defendants' dispositive motion. See Motion to Stay (Oct. 22, 2020), DE #43; Letter to Roanne L. Mann (Oct. 25, 2020) ("Pl. Motion"), DE #44. Defendants oppose plaintiff's application, on the ground that plaintiff has not shown good cause to reopen discovery, which closed last December. See Letter in Response (Oct. 26, 2020) ("Def. Opp."), DE #46. Judge Irizarry recently stayed defendants' motion for summary judgment and referred plaintiff's discovery-related request to this Court. See Order (Oct. 26, 2020).

   Plaintiff's application to strike the Chen declaration or require him to be produced for deposition complains that Mr. Chen was never disclosed in defendants' Rule 26(a) initial disclosures. See Pl. Motion at 1. Defendants counter that Mr. Chen is "akin to a Rule 30(b)(6) witness" (Def. Opp. at 1) and that plaintiff served a Rule 30(b)(6) notice one year ago but then failed to pursue that deposition (see id. at 2). Defendants do not dispute that neither Mr. Chen nor any other Rule 30(b)(6) corporate representative was listed in their initial or supplemental Rule 26 disclosures; indeed, defendants concede that they never "formally amend[ed] their Rule 26 disclosures to include such a representative." Id. at 2.

Under these circumstances, having balanced the parties' competing interests, and in the absence of any scheduled trial date, the Court rules as follows: The Court denies plaintiff's motion to strike, without prejudice to plaintiff raising the preclusion request in connection with her opposition to defendants' motion for summary judgment; in the interim, discovery is reopened for the limited purpose of requiring defendants to produce Mr. Chen for a deposition, via videoconference, see Fed. R. Civ. P. 30(b)(4), on a mutually convenient date no later than November 17, 2020. See Cisneros v. Sunrise Victory, Inc., No. 13-CV-1755 (WFK)(CLP), 2015 WL 1470440, at *1, *3 (E.D.N.Y. Mar. 30, 2015) (magistrate judge denies without prejudice motion to preclude the trial testimony of belatedly disclosed witnesses, but reopens discovery for the limited purpose of allowing those witnesses to be deposed).

Plaintiff also requests that, in the event Mr. Chen desires an interpreter at the deposition, defendants be required to bear the cost of the interpreter. See Pl. Motion at 2. Plaintiff cites no authority in support of her request and defendants do not respond to it at all. The Court declines to act on this request until the parties have first conferred and attempted to resolve the issue. Suffice it to say at this point, "the general rule requires that a party seeking to take a deposition must bear the expense associated with taking the deposition." Pashman v. Chemtrex, Inc., 664 F.Supp. 701, 704 (S.D.N.Y. 1987) (Walker, J.) (quoting Haymes v. Smith, 73 F.R.D. 572, 575 (W.D.N.Y. 1976)); but see Cisneros, 2015 WL 1470440, at *3 (requiring that the party that failed to disclose the witnesses during the discovery period bear the costs of their depositions, including "interpreters, if needed").

**SO ORDERED.**

**Dated:** Brooklyn, New York
November 3, 2020

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**