**ROANNE L. MANN**                              **DATE:** May 4, 2022
**UNITED STATES MAGISTRATE JUDGE**      **START:** 2:15 p.m.
                                                                    **END:** 2:45 p.m.

**DOCKET NO:** 18-cv-7042 (DLI)

**CASE:** Lin v. UT Freight Service (USA) Ltd. et al.

| | |
|---|---|
| ☐ INITIAL CONFERENCE | ☐ OTHER/ORDER TO SHOW CAUSE |
| ☐ DISCOVERY CONFERENCE | ☐ FINAL/PRETRIAL CONFERENCE |
| ☐ SETTLEMENT CONFERENCE | X TELEPHONE CONFERENCE |
| X MOTION HEARING | ☐ INFANT COMPROMISE HEARING |

**PLAINTIFF**                                                 **ATTORNEY**

**DEFENDANTS**                                   **ATTORNEY**

                                                               Nicole Grunfeld

☐ **FACT DISCOVERY TO BE COMPLETED BY** _____
☐ **SETTLEMENT CONFERENCE SCHEDULED FOR** _____
☐ **JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY** _____
☐ **PL. TO SERVE DEF. BY:** _____    **DEF. TO SERVE PL. BY:** _____

**RULINGS:**    **PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

    *Ex parte* hearing held regarding defense counsel's [64] motion to withdraw. Defendants failed to appear despite the Court's order requiring their participation. Counsel advises that her firm does not assert a charging or retaining lien. Given defendants' termination of counsel (DE #64-1), and in the absence of opposition, counsel's [64] motion to withdraw is granted. Outgoing counsel for defendants must file a letter today, providing the Court with all contact information for defendants, including mailing addresses, phone numbers and email addresses.

    In addition, since defendants not only terminated their counsel, but also indicated their determination not to participate "in any U.S. based litigation," DE #64-1, the Court respectfully recommends that the District Court strike defendants' answer and enter default against them. See Fed. R. Civ. P. 16(f)(1); id. 37(b)(2)(A)(iii). Outgoing counsel stated on the record that she informed defendants of the consequences of failing to participate in this action, and, in an order emailed to defendants by defense counsel and by the Court, the Court had warned defendants that if they failed to appear at today's conference, which was originally scheduled to be a settlement conference, "their Answer will be stricken and a default judgment awarding plaintiff substantial damages is likely to be entered against all three of them," 5/3/22 Order. Accordingly, the Court finds that defendants' deliberate refusal to comply with this Court's order and participate in the action is willful. As no lesser sanction will incentivize defendants to comply with judicial directives and defend this action, this Court recommends striking defendants' answer as the proper sanction for their willful derelictions. See Bratta v.

Tramp, 08-CV-4073 (JFB) (ETB), 2009 WL 10708936, at *2 (E.D.N.Y. Nov. 30, 2009). Any objection to the recommendations contained herein must be filed with Judge Irizarry by May 23, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008). The Clerk is requested to send copies of this Report and Recommendation to defendants by email and to any physical addresses to be provided by outgoing counsel.